# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ROGER L. ADKINS,**
**Claimant Below, Petitioner**

**FILED**
**November 18, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 12-0249** (BOR Appeal No. 2046314)
(Claim No. 2010100707)

**NORTH BECKLEY PUBLIC SERVICE DISTRICT,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Roger L. Adkins, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. North Beckley Public Service District, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2012, in which the Board affirmed an August 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 22, 2010, decision granting Mr. Adkins a 13% permanent partial disability award for the lumbar and cervical spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins worked as a laborer for North Beckley Public Service District. On July 27, 2009, he was injured while hanging an awning when a piece fell and struck him on the back of his head, neck, and back. The claim was held compensable for sprain/strain of the lumbar region, sprain/strain of the neck, and a displaced cervical intervertebral disc. The claims administrator granted Mr. Adkins a 13% permanent partial disability award for the lumbar and cervical spine. Dr. Kominsky and Dr. Mukkamala recommended a 13% whole person impairment. Dr. Guberman recommended a 22% whole person impairment.

1

The Office of Judges affirmed the claims administrator's decision, and held that Mr. Adkins had an 8% whole person impairment for his cervical spine and a 5% whole person impairment for his lumbar spine resulting in a 13% whole person impairment. Mr. Adkins disagrees and asserts that the MRI of the cervical spine and the opinion of Dr. Guberman should have been given more weight.

The Office of Judges concluded that Dr. Guberman's impairment rating for the cervical spine was excessive when compared to the ratings given by Dr. Kominsky and Dr. Mukkamala. Dr. Guberman classified Mr. Adkins's symptoms under cervical category III. The Office of Judges determined that Mr. Adkins did not have the necessary symptoms to be placed in cervical category III but should be classified under cervical category II as recommended by Dr. Kominsky and Dr. Mukkamala.

The Office of Judges determined that Mr. Adkins had degenerative changes in both the cervical and lumbar spine, and has had significant problems with the lumbar spine since at least 2005 and possibly earlier. At the time of the compensable injury, the films showed considerable degenerative changes in the cervical spine. The Office of Judges concluded that Dr. Guberman failed to account for Mr. Adkins's preexisting impairment. The Office of Judges found that Dr. Kominsky did not state if he accounted for the preexisting impairment, but he reached the same impairment rating as Dr. Mukkamala who did apportion for the preexisting conditions. The Office of Judges relied on Dr. Kominsky and Dr. Mukkamala, and awarded Mr. Adkins a 13% permanent partial disability award. The Board of Review reached the same reasoned conclusions in its decision of January 27, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 18, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II